**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4732**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMAL EDWARD CRUMP,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Samuel G. Wilson, District
Judge.  (7:06-cr-00007-sjw)

———————————

Submitted:  March 7, 2007            Decided:  March 27, 2007

———————————

Before WILKINSON, WILLIAMS, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Rhonda L. Overstreet, LUMSDEN & OVERSTREET, Roanoke, Virginia, for
Appellant.  John L. Brownlee, United States Attorney, Edward A.
Lustig, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamal Edward Crump was indicted on two counts of distribution of five or more grams of cocaine base. Crump pled guilty to Count One of the indictment pursuant to a written plea agreement.

At sentencing, the district court found that the Guidelines range for Count One was 292-360 months. Crump testified on his own behalf about his upbringing, his decision to plead guilty, his children, and his efforts to cooperate with the Government. During cross examination, Crump, then twenty-six, admitted to selling cocaine since he was seventeen. Crump also admitted to an extensive criminal record that began at age ten. Crump's mother also testified. Following the testimony and argument by counsel, the court indicated it had considered the factors in § 3553, Crump's criminal history, and his facts in mitigation, and sentenced Crump to 320 months.

On appeal, Crump alleges only a single error. According to Crump, the district court abused its discretion in sentencing him to an unreasonable period of incarceration.

After United States v. Booker, this court reviews a sentence to determine whether it is reasonable. United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert denied, 126 S. Ct. 2054 (2006). A sentence that falls within the properly calculated

- 2 -

advisory Guidelines range is presumptively reasonable. United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

A sentencing court, in setting an appropriate sentence, is to consult the Guidelines and take them into account. United States v. Booker, 543 U.S. 220, 263-64 (2005). After calculating the correct Guidelines range, the sentencing court is to consider the Guidelines range, any relevant facts set forth in the Guidelines, and the factors in 18 U.S.C. § 3553(a) (2000); then the court may impose sentence. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). This court will affirm a sentence that is within the statutorily prescribed Guidelines range and is reasonable.* Id.

A post-Booker sentence may be unreasonable for procedural or substantive reasons. "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons . . . A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." Moreland, 437 F.3d at 434. "[A] district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant; and (2) that it has also considered the

---

*Crump does not allege that his Guidelines range was calculated incorrectly.

potentially meritorious arguments raised by both parties about sentencing." United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __, (U.S. July 21, 2006) (No. 06-5439).

Crump argues that the district court abused its discretion by sentencing him to an unreasonable sentence. Specifically, Crump contends that the district court failed to take mitigating factors into consideration in imposing sentence. Crump points to the fact he accepted responsibility by pleading guilty, provided assistance to the authorities, and had a difficult childhood as factors the court should have considered in imposing sentence. Finally, Crump argues that the district court unduly relied on his criminal history in imposing sentence.

Despite Crump's arguments to the contrary, the sentence imposed was both procedurally and substantively reasonable. The court expressly considered the factors in § 3553, the Guidelines, together with Crump's criminal history. Additionally, after considering Crump's mitigation arguments, his acceptance of responsibility and candor, the court provided Crump with a thorough explanation for the sentence. The court then imposed a sentence in the bottom half of the applicable Guidelines range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                            <u>AFFIRMED</u>